UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESA A. D.,

                        Plaintiff,

                                                            5:23-CV-1285
v.                                                          (GTS/CFH)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

OLINSKY LAW GROUP                        HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION          CANDACE BROWN CASEY, ESQ.
OFFICE OF GENERAL COUNSEL               Special Assistant U.S. Attorney
  Counsel for Defendant
6401 Security Boulevard
Baltimore, MD 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed by Theresa A. D. ("Plaintiff") against the

Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. §

405(g), is the Commissioner's motion to remand this matter for further administrative

proceedings.  (Dkt. Nos. 14.)  For the reasons set forth below, the Court grants the

Commissioner's motion.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1978, making her 41 years old at her application filing date, and 45 years old at the date of the ALJ's decision. (T. 91, 569.)[1]  In her application, Plaintiff alleged that she is disabled due to connective tissue disease, a traumatic brain injury, and posttraumatic stress disorder ("PTSD"). (T. 91, 573.)  In terms of education, Plaintiff has reported completing a college degree in education. (T. 55, 574.)

### B.    Procedural History

On June 14, 2019, Plaintiff applied for Disability Insurance Benefits. (T. 91.)  This application was initially denied on August 16, 2019, and upon reconsideration on November 6, 2019, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (T. 91-104, 106-23.)  Plaintiff appeared at hearings before ALJ Gretchen Mary Greisler, on October 21, 2020, and February 4, 2021. (T. 14, 31.)  On March 31, 2021, ALJ Greisler issued a written decision finding Plaintiff was not disabled under the Social Security Act. (T. 128-53.)  On May 3, 2022, the Appeals Council granted review of the ALJ's decision and remanded with instructions for the ALJ to obtain additional evidence and to evaluate the issue of Plaintiff's alleged onset date. (T. 163-64.)

On remand, ALJ Griesler held hearings on December 1, 2022, and June 6, 2023; Plaintiff appeared at the first of these hearings, but waived her right to appear at the second, which was for the purpose of taking testimony from a vocational expert ("VE"). (T. 16.)  On June 15, 2023, ALJ Griesler again found that Plaintiff was not disabled under the Social Security Act. (T. 16-

---

[1]    The Administrative Transcript is found at Dkt. No. 9.  Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

31.)  On September 6, 2023, the Appeals Council denied review, making the ALJ's

determination the final decision of the Commissioner.  (T. 1-3.)

### C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following seven findings of fact and

conclusions of law.  (T. 16-31.)  First, the ALJ found that Plaintiff is insured for Disability

Insurance Benefits through June 30, 2027.  (T. 18.)

Second, the ALJ found that, although Plaintiff engaged in significant work activity after

the alleged onset date, the record did not clearly establish that such work constituted substantial

gainful activity.  (T. 18-19.)  Specifically, the ALJ noted that earnings in various quarters of

2021 and 2022 appeared to exceed the threshold of presumptive substantial gainful activity

amounts and questioned evidence suggesting that some of that work may have been

accommodated, but ultimately concluded that she did not need to make a determination on this

issue because it would not affect the outcome of the case given that she found Plaintiff to be not

disabled at a later step in the sequential evaluation.  (*Id.*)

Third, the ALJ found that Plaintiff had provided evidence to establish multiple severe

medically determinable impairments, namely connective tissue disease, psoriatic arthritis, PTSD,

anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), depressive disorder, a

history of traumatic brain injury, mild bilateral carpal tunnel syndrome, vestibular dysfunction,

and cervical, thoracic, and lumbar spine disorders, although her gastrointestinal impairment,

respiratory impairment, eye/vision impairment, obesity, and hypertension did not meet the

requisite level of severity.  (T. 19.)

Fourth, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or equaled any of the criteria for medical disability in the Agency's Listing

of Impairments after specifically considering Listings 1.15, 1.16, 2.07, 11.18, 12.02, 12.04, 12.06, 12.15, 14.06, and 14.09.  (T. 19-21.)

Fifth, the ALJ found that Plaintiff retained a residual functional capacity ("RFC") to perform a sedentary work with the following additional limitations:

> She can occasionally stoop, balance, crouch, crawl, kneel and climb stairs and ramps but cannot climb ladders, ropes or scaffolds or work at unprotected heights.  The claimant can frequently handle, finger and feel; can perform simple, repetitive tasks at a consistent goal oriented pace; can tolerate occasional routine interactions with supervisors and coworker[s] but only incidental contact with the public; and can make simple decisions directly related to her work and tolerate few, if any, minor work changes.  She requires the use of a cane for prolonged ambulation or walking on uneven surfaces, but retains the ability to carry small objects, such as files, in the free hand.  The claimant requires a brief, two to three minute, change in position after sitting for forty-five minutes, or standing or walking for ten minutes, but retains the ability to remain on task.

(T. 21-22.)

Sixth, the ALJ found that Plaintiff is unable to perform any of her past relevant work in various teacher and teacher's aide occupations.  (T. 29.)

Seventh, the ALJ found that Plaintiff could instead perform other work that exists in significant numbers in the national economy, citing as representative positions those of document preparer, addresser, and touch-up screener.  (T. 30.)  Accordingly, the ALJ found that Plaintiff had not been disabled at any point between her alleged onset date and the date of the decision.  (T. 30-31.)

### D.    The Parties' Briefing

#### 1.    Plaintiff's Brief

In her initial brief filed as part of the process for Social Security appeals cases in this District, Plaintiff argues that the ALJ's finding at Step Five of the sequential evaluation is not

supported by substantial evidence because the occupations identified by the VE (and adopted by the ALJ to support her finding) do not constitute significant numbers of other work Plaintiff can perform in the national economy.  (Dkt. No. 12.)  More specifically, Plaintiff argues that the identified jobs of addresser and document preparer are obsolete in the modern national economy, and the remaining jobs were not shown to exist in significant numbers in the national economy to sustain the Commissioner's burden.  (*Id.* at 8-11.)  Plaintiff further argues that, because it is clear that the ALJ cannot show that sufficient jobs exist based on the record, remand for a directed finding of disability and calculation of benefits is warranted rather than remand for further administrative proceedings.  (*Id.* at 11.)

### 2.    Commissioner's Brief on its Motion to Remand

In its motion, the Commissioner agrees that remand is warranted, but asserts that this matter should be remanded for further proceedings as opposed to for a directed finding of disability.  (Dkt. No. 14, Attach. 1, at 7-10.)  More specifically, the Commissioner argues that further administrative proceedings would serve a purpose because (a) even assuming that the ALJ could not rely on certain identified occupations, any inadequacy in the ALJ's Step Five finding does not warrant a finding of disability because there are unresolved questions of fact regarding whether there were times during the relevant period when Plaintiff worked in a capacity that exceeded substantial gainful activity (which would preclude a finding of disability during such periods), and (b) there is no evidence in the record to suggest that the jobs identified by the VEs in this case were exhaustive.  (*Id.*)

### 3.    Plaintiff's Response Brief

In response to the Commissioner's motion, Plaintiff argues thar further administrative proceedings are not necessary because (a) the list of occupations provided by the VE were in fact

exhaustive, and (b) the fact that the ALJ continued with the sequential evaluation beyond Step One renders any questions regarding periods of substantial gainful activity immaterial, or, at the very least, the evidence in the record clearly shows that the relevant ongoing employment that might otherwise qualify as substantial gainful activity was in fact accommodated work that would not preclude a finding of disability.  (Dkt. No. 15.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord*, *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's

severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord*, *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III.    ANALYSIS

The sole issue of contention between the parties in this matter is whether remand to the Agency should be for further administrative proceedings or for a directed finding of disability with calculation of benefits. The Court finds that remand for further administrative proceedings is the proper course of action for the reasons stated in the Commissioner's memorandum of law. *See, supra* Part I.D.2 of this Decision and Order. To those reasons, the Court adds the following analysis.

"Sentence four of Section 405(g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405[g]). The Second Circuit has indicated that, where there are gaps in the administrative record or the ALJ has applied an improper legal standard, remand for further development of the evidence is warranted. *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (internal citations omitted). Thus, remand for further administrative proceedings is the overwhelmingly preferred course where the administrative record contains gaps and further findings would "plainly help to assure the proper disposition" of the claim. *Glass v. Colvin*, 12-CV-1332, 2014 WL 5361471, at *6

(N.D.N.Y. Oct. 21, 2014) (Young, J.) (citing *Butts*, 388 F.3d at 385).  If, however, "the record contains persuasive proof of disability, and a remand for evidentiary proceedings would serve no useful purpose," reversal for calculation of benefits is appropriate.  *Harry L. v. Comm'r of Soc. Sec.*, 18-CV-0282, 2019 WL 3937224, at *5 (N.D.N.Y. Aug. 5, 2019) (Baxter, M.J.) (citing *Rosa*, 168 F.3d at 82-83).  "The Court's determination whether to remand for further administrative proceedings or for a calculation of benefits is discretionary." *Virginia D. F. v. Comm'r of Soc. Sec.*, 21-CV-0720, 2022 WL 4652361, at *23 (N.D.N.Y. Aug. 29, 2022) (Hummel, M.J.) (quoting *Milliken v. Saul*, 19-CV-9371, 2021 WL 1030606, at *12 [S.D.N.Y. Mar. 17, 2021]).

Notwithstanding Plaintiff's arguments regarding the ALJ's findings at Step Five[2], the Court finds that remand for a directed finding of disability at this stage of the proceedings would not be appropriate because the Commissioner is correct that there are factual issues related to Plaintiff's post-onset date work activity that bear upon the issue of disability.  ALJ Greisler identified at Step One that there was a question regarding whether Plaintiff had engaged in work after her alleged onset date that might qualify as substantial gainful activity, and as to whether any such work activity was accommodated.  (T. 18-19.)  Although Plaintiff is correct that the ALJ chose to continue through the sequential evaluation rather than make a conclusive finding

---

[2]      The Court does agree with Plaintiff that the jobs of document preparer and addresser identified by the most recent VE are likely obsolete and insufficient to constitute other work that Plaintiff can perform to sustain the ALJ's burden at Step Five.  *See Bobby R. v. Comm'r of Soc. Sec.*, 23-CV-0590, 2024 WL 3735876, at *10-11 (N.D.N.Y. July 8, 2024) (Lovric, M.J.), Report-Recommendation adopted 2024 WL 3715757 (N.D.N.Y. Aug. 8, 2024) (D'Agostino, J.) (collecting cases).  The remaining occupation relied upon by the ALJ does not constitute significant numbers given that the VE stated there were only 1,000 touch-up screener positions in the national economy.  (T. 30.)  Therefore, because it is the Commissioner's position that the jobs identified by the second VE (which are those upon which the ALJ relied) were not exhaustive, the ALJ should develop and further explore that issue on remand along with the Step One issue.

on these questions, it is clear from the ALJ's decision that such questions have not actually been resolved.  (*Id.* ["The undersigned questions whether the reported accommodations qualify the claimant's post onset work as accommodated work.  However, the undersigned found it unnecessary to resolve that issue at this step in the sequential evaluation process, as it does not affect the outcome of this case.'].)  Because a claimant cannot be found disabled for any period during which he or she engaged in disqualifying substantial gainful activity,[3] the errors in the ALJ's Step Five finding cause those unresolved Step One issues to be materially relevant to the disability determination; and the fact that the ALJ declined to decide those Step One issues in the decision due to an alternative reason for finding Plaintiff not disabled did not in any way waive the requirement that Plaintiff must prove entitlement to disability benefits at the first four steps of the sequential evaluation.  Moreover, even though there is evidence in the record regarding Plaintiff's wages and the work she performed after her alleged onset date, determining issues of fact such as whether the amounts shown constitute substantial gainful activity or whether any substantial gainful activity was performed in the context of accommodated work are not for the Court to decide in the first instance.  *See Kenneth H. G. v. Comm'r of Soc. Sec.*, 20-CV-1395, 2022 WL 658110, at *7 (N.D.N.Y. Feb. 7, 2022) (Peebles, M.J.), Report-Recommendation adopted 2022 WL 656790 (N.D.N.Y. Sharpe, J.) (finding that whether a portion of a physician's opinion that the ALJ had not assessed was supported by the evidence or not was not a determination for the court to make in the first instance, but rather a matter to be remanded to the ALJ).  Because remand for further proceedings would serve the useful purpose of resolving these

---

[3]      *See* 20 C.F.R. § 404.1571 ("If you are able to engage in substantial gainful activity, we will find that you are not disabled.")

10

factual issues, the Court finds that remand for further administrative proceedings is the more appropriate course of action.

ACCORDINGLY, it is

ORDERED that the Commissioner's motion to remand (Dkt. No. 14) is **GRANTED**; and it is further

ORDERED that the Commissioner's decision is **VACATED**; and it is further

ORDERED that this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).


Dated:  November 1, 2024
        Syracuse, New York


Glenn T. Suddaby
U.S. District Judge

11